## Allum's Ex'rs *versus* Carroll's Adm'rs *et al.*

1. In an action against three, heard before arbitrators, the plaintiff called Carroll, one of the defendants; McKenna, another of the defendants, was then examined on their behalf. There was an appeal, afterwards Carroll died. On the trial in court McKenna could not be examined by the defendants nor his testimony before the arbitrators read.

2. On the trial of an appeal the proceeding is *de novo*.

3. On the trial the case stood under the Act of April 13th 1869, and the plaintiff being dead a defendant was not a witness.

4. McKenna not having been called by the plaintiff, his credibility had not been endorsed by him.

November 15th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Greene county:* Of October and November Term 1870, No. 191.

This was an action of assumpsit by James Allum, executor, &c., of Charles Allum, deceased, against William McKenna, Thomas Carroll and Robert McKenna, on a note to the decedent, dated September 25th 1864, payable in twelve months, for $856, signed by the three defendants. The execution of the note was admitted. The defence rested upon declarations of the decedent in his lifetime, that McKenna, the principal in the note, had borrowed but $300 instead of $856.

The case had been heard before arbitrators, when the plaintiff

[Allum *v.* Carroll.]

called Thomas Carroll, one of the defendants, to testify; the defendants then examined W. McKenna, another defendant. There was an appeal from the award of arbitrators; afterwards Carroll died, and his administrators were substituted.

On the trial in court, September 24th 1870, before Gilmore, P. J., the note having been given in evidence, and these proceedings before the arbitrators admitted; the defendants offered to call W. McKenna and prove by him that the note in suit had been signed by mistake, and when it was discovered it was laid aside, and a note given for $300 which was the only money then borrowed. The offer was made on the ground that the plaintiff having called Carroll made all the defendants competent.

The offer was overruled.

The defendants then offered to prove what W. McKenna had said on the hearing before the arbitrators. The plaintiff objected that as the plaintiff had not called one of the co-defendants on the trial, it was not competent to prove what McKenna said on the hearing before the arbitrators.

The court admitted the offer and sealed a bill of exceptions for the plaintiff.

The verdict was for the defendants.

The defendants below took a writ of error and assigned the admission of the evidence for error.

*C. A. Black, J. Phelan and R. W. Downey,* for plaintiffs in error, cited Act of April 10th 1867, § 1, Pamph. L. 60, Purd. 1463, pl. 1; Seip *v.* Storch, 2 P. F. Smith 210; Acts of March 20th 1810, § 8, 5 Sm. L. 165, Purd. 597, pl. 52; March 28th 1814, § 1, 6 Sm. L. 208, Purd. 425, pl. 22; Dyott's Estate, 2 W. & S. 463; Leeds *v.* Bender, 6 Id. 318; Act of April 9th 1870, Pamph. L. 44; Wolfinger *v.* Forsman, 6 Barr 390; 1 Greenl. Ev., § 418.

*A. A. Purman,* for defendant in error.

The opinion of the court was delivered, January 3d 1871, by

Agnew, J.—This was an action against three joint promissors, and had been tried before arbitrators, when the plaintiff called upon Thomas Carroll, one of the defendants, to testify, under the provisions of the Act of 27th March 1865. The defendants then, under the Act of 10th April 1867, called upon William McKenna, another of the defendants, to testify. Carroll died after an appeal taken, and at the trial of the cause in court in September 1870, the defendants offered in evidence the testimony of McKenna as given to the arbitrators, which the plaintiff objected to as incompetent, and it was received by the court. This, we think, was an error. McKenna himself was incompetent to testify under the Act of 15th April 1869, Charles Allum being dead, and the action

[Allum *v.* Carroll.]

in the name of his executor. On the trial of an appeal the proceeding is *de novo*, and it required an Act of Assembly to make a deposition taken to be read before arbitrators competent to be read afterwards on the trial in court. McKenna's testimony was made competent before the arbitrators, not by being called by the plaintiff and his credibility thus endorsed by him, but by the calling of Thomas Carroll, a co-defendant. It is true the plaintiff by calling Carroll ran the risk of any one of his co-defendants being called by the adverse party; but this risk was assumed solely on the ground that it could safely be met by the testimony of Carroll. But when Carroll died the circumstances changed. Then the case stood precisely upon the reason of the Act of 1869, which excludes one party when the other is dead; that is, because it would be unjust to hear one party when the other party could not be called to contradict him, or to explain what might be even the truth. Carroll being dead, the plaintiff was not bound to call either of the other defendants, and in fact did not. On what proper ground, therefore, can the defendants be permitted to give in evidence the former testimony of one of them called only to rebut or explain the testimony of Carroll? The plaintiff had not endorsed his credibility, and had not chosen that he should be heard alone. His former testimony was not more competent than his present testimony, and that the judge had properly excluded and given to the defendants a bill of exceptions.

For the error stated the judgment is reversed, and a *venire facias de novo* awarded.